

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00007-CR

TIMOTEO JESUS GARZA, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. CR-16-26114

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

In the Fannin County jury trial of Timoteo Jesus Garza, Jr., on two counts of aggravated sexual assault of a child,[1] the victim, C.V.,[2] testified that Garza sexually assaulted her on the living-room couch in Garza's home the Saturday night immediately before Labor Day 2016. Garza attempted, unsuccessfully, to have evidence admitted that a proposed alternative perpetrator, who was a previously convicted sex offender, stayed in the house with C.V for two days in June 2016. Garza was convicted by a Fannin County jury, was subjected to sentence enhancement, and was sentenced to life without parole on each of the two counts, with the sentences to run concurrently.

This case was also tried with another companion case, which is the subject of another appeal pending before this Court.[3] In a consolidated brief addressing both cases, Garza contends that the trial court erred in (1) excluding evidence relevant to his defense of alternative perpetrator and (2) admitting evidence of four extraneous offenses in the guilt/innocence phase of his trial. Because we find that the trial court did not abuse its discretion in these evidentiary rulings, we affirm the judgment of the trial court.

The argument raised in this appeal is within the arguments brought before this Court in the companion appeal styled *Garza v. State*, cause number 06-18-00006-CR. In our opinion of this

---

[1] *See* TEX. PENAL CODE ANN. § 22.021(a)(2)(B) (West Supp. 2017).

[2] All persons who were minors at the time of the offenses referenced in this opinion will be referred to by their initials, and their family members will be referred to by pseudonyms. TEX. R. APP. P. 9.10.

[3] In a case arising from a separate incident and tried with this case, Garza was convicted of another count of aggravated sexual assault of a child. That case has also been appealed to this Court and is addressed in a separate opinion released the same date as this opinion in our cause number 06-18-00006-CR.

date disposing of that appeal, we found that the trial court did not abuse its discretion in admitting evidence of the four extraneous offenses. For the reasons set out in that opinion, we overrule this issue as it applies to this appeal.

In cause number 06-18-00006-CR, we also found that the trial court did not err in excluding evidence of an alternative perpetrator. Although Garza's argument on this issue advanced in this case is identical to the argument he made in cause number 06-18-00006-CR, the evidence he proffered in this case differs from that offered in the companion case. Therefore, we will separately address this issue as it applies to this case.[4]

Garza contends that the trial court erred, in violation of the Constitution,[5] in excluding alternative-perpetrator evidence and, therefore, denied him the right to present this defense. We disagree.

At a pretrial hearing, the trial court granted the State's motion in limine and informed Garza that it would not allow him to examine witnesses regarding prior outcries alleging sexual misconduct made by the complainants against two other individuals. The trial court informed Garza that it would not allow the questions until and unless there was sufficient evidence presented outside the presence of the jury. At trial, Garza asked the trial court for a hearing outside the presence of the jury during his examination of C.V.'s step-grandfather, Neil. In support of his contention that there was sufficient evidence to support his alternative-perpetrator defense, Garza

---

[4]The factual background is fully set forth in cause number 06-18-00006-CR and will not be repeated here.

[5]On appeal, Garza does not state whether he complains of a violation of the United States or Texas Constitution and does not state what provision he claims was violated. At trial, he complained that the trial court's action violated his due process right to present a meaningful defense under the Sixth and Fourteenth Amendments.

points to the voir dire testimony of Neil, who testified that C.V. had stayed at his house for two days in June 2016 and that Neil is a registered sex offender.[6] Although not cited by Garza, Neil also testified that, when C.V. stayed with him, her father, Tommie, his girlfriend, Lacy, and C.V.'s brother were also at the house. In addition, Neil testified that C.V., Tommie, Lacy, and C.V.'s brother all slept in one bedroom, which was located at the opposite end of the house from his bedroom.

This case presents several obstacles to Garza's alternative-perpetrator theory. First, we have previously noted that the alternative-perpetrator defense is generally applicable to cases in which the complainant does not know the attacker. *Ex parte Huddlestun*, 505 S.W.3d 646, 661 (Tex. App.—Texarkana 2016, pet. ref'd). In this case, C.V. knew her attacker, and she was staying in his house at the time of the assault. She testified that it was Garza who assaulted her and that he assaulted her at his house the Saturday night immediately before Labor Day 2016. C.V. never alleged that she did not know who assaulted her on this occasion or that she was assaulted by a stranger. The alternative-perpetrator defense is not applicable on this record. *See id.*

Further, for evidence of an alternative perpetrator to be admissible, the proposed evidence must establish "a nexus" between the crime charged and the alleged alternative perpetrator. *Id.* (citing *Wiley v. State*, 74 S.W.3d 399, 406 (Tex. Crim. App. 2002)). In addition, unsupported speculation about the alternative perpetrator's involvement is insufficient to allow admission of the evidence; otherwise, there is an unacceptable risk that the jury will be confused. *Id.* (citing *Martinez v. State*, 212 S.W.3d 411, 424 (Tex. App.—Austin 2006, pet. ref'd)).

---

[6]This resulted from a 1997 conviction for indecency with a child.

4

The evidence that Garza proffered alleging that Neil was the alternative perpetrator was both meager and speculative. C.V. alleged that Garza sexually assaulted her on the couch in the living room at his house on the Saturday night just before Labor Day 2016. There is no evidence in the record that places Neil at that house that weekend or that C.V. had any contact with Neil that weekend. Further, the record contains no allegation that Neil ever sexually assaulted C.V.

Since Garza did not produce sufficient evidence to show a nexus between Neil and the crime charged, the testimony was properly excluded. *See id.* at 662. The trial court did not abuse its discretion in excluding Neil's testimony. We overrule this issue.

For the reasons stated, we affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     August 28, 2018
Date Decided:       September 18, 2018

Do Not Publish

5